UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JULIE A. SU, *in her official capacity as Acting United States Secretary of Labor,* [1] | Case No. 1:23-cv-00537-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| ALERUS FINANCIAL, N.A.; JAMES A. KISSLER; *and* NORCO, INC.; NORCO, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | |
| Defendants. | |

Before the Court is the Secretary's Motion for Reconsideration. Dkt. 51. The Secretary asks this Court to reconsider its order (Dkt. 48) dismissing Claims III, IV, and V of her Complaint (Dkt. 1), arguing that the Court ignored or misconstrued her allegations. Dkt. 51-1, at 6.[2] Reconsideration, however, is an extraordinary remedy, and the Secretary's objections are merely ordinary disagreements with an adverse ruling. For that reason, and for the reasons discussed below, the Court **DENIES** the Secretary's Motion for Reconsideration.

---

[1] When this case was filed, Julie A. Sue was the Acting United States Secretary of Labor (the "Secretary"). However, Lori Chavez-DeRemer now serves as the Secretary. Pursuant to Federal Rule of Civil Procedure 25(d), Lori Chavez-DeRemer is automatically substituted as the Plaintiff in this suit.

[2] Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. In the interest of avoiding further delay, and because the Court finds oral argument would not significantly aid the decisional process, the Court will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

# I. BACKGROUND

The Secretary alleges that Defendant James A. Kissler (as CEO and Chairman of co-defendant Norco, Inc.) illegally manipulated a stock sale to the Norco Employee Stock Ownership Plan (ESOP), causing ESOP to substantially overpay for Kissler's shares. Dkt. 1, at ¶¶ 1–5. The Secretary filed suit under ERISA, arguing that Kissler breached fiduciary duties he owed to ESOP by failing to monitor ESOP trustee (and co-defendant) Alerus, N.A. (Claim III), and by knowingly participating in Alerus's alleged breach of its fiduciary duties to ESOP (Claims IV and V).[3] Dkt. 1, at ¶¶ 93–106. Kissler countered with a Motion to Dismiss Claims III-V because the Secretary failed to state a claim against him under Fed. R. Civ. P. 12(b)(6). Dkt. 26-1.

The Court agreed with Kissler. In its order dismissing Claims III–V, the Court found the Secretary failed to allege sufficient facts to plausibly state each claim against Kissler. Dkt. 48. The Court's decision did not have to be the end of the Secretary's case against Kissler, however. The Court also granted the Secretary leave to amend the claims against Kissler, because the Secretary may have been able to salvage such claims by pleading the missing facts necessary to survive Rule 12(b)(6). Instead of amending, however, the Secretary filed the instant Motion, asking the Court to reconsider its ruling on the Motion to Dismiss. Dkt. 51. Kissler responded (Dkt. 54) and the Secretary has replied (Dkt. 55). The Motion is now ripe for decision.

---

[3] Claims IV and V are essentially identical as to facts. Both allege that Kissler is liable to ESOP due to his knowing participation in Alerus's alleged breach of its fiduciary duties. They differ as to legal theory: Claim IV is brought under 29 U.S.C. § 1105(a)(3) and requires proof that Kissler is a co-fiduciary with Alerus, while Claim V is brought under 29 U.S.C. § 1132(a)(5) and does not. Dkt. 1, at 22–24.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

The Secretary seeks reconsideration under Fed. R. Civ. P. 54(b). Dkt. 51-1, at 5. The standard for reconsideration under 54(b) is substantially the same as that used for motions to reconsider under Rule 59(e). *See Shoshone-Bannock Tribes of Fort Hall Resv. v. United States*, 2023 WL 2456403, at *1 (D. Idaho Mar. 10, 2023).  "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error,* or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)

The Secretary does not present new evidence or argue that controlling law has changed. Her motion for reconsideration rests solely on the premise that the Court clearly erred. "Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Id.* The burden of proving clear error is high. As the Ninth Circuit has colorfully put it, "[t]o be clearly erroneous, a decision must strike [the reviewing Court] as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Prete v. Bradbury*, 438 F.3d 949, 968 n.23 (9th Cir. 2006) (cleaned up).

### B. Motion to Dismiss

Because the Secretary argues the Court clearly erred in its application of Federal Rule of Civil Procedure 12(b)(6), the Court reiterates the standard for granting a motion to dismiss for failure to state a claim. Rule 12(b)(6) permits a court to dismiss a claim if the plaintiff has "failed to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (cleaned up). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1122. A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements will not do." *Twombly*, 550 U.S. at 555.

In other words, the claim for relief must be "plausible on its face." *Id.* at 570. A plausible complaint is one that allows the reviewing court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

### A. Claim III: Failure to Monitor

Claim III of the Secretary's Complaint alleged Kissler violated 29 U.S.C. § 1109(a)

by breaching his fiduciary duties to ESOP. Claim III alleged Kissler failed to monitor Alerus's conduct as the ESOP trustee. Dkt. 1, at ¶¶ 93–96. The Secretary maintained Alerus committed misconduct, that Kissler knew or should have known about it, and that Kissler closed the transaction with ESOP anyway. Dkt. 48, at 9–10. Nowhere in her Complaint did the Secretary allege *how* Kissler's procedures or processes for reviewing the transaction were deficient. *See* Dkt. 1. Nonetheless, in contesting Kissler's motion to dismiss, the Secretary argued that those three allegations raise a plausible inference that Kissler failed to adequately monitor Alerus. Dkt. 41, at 17.

In ruling on the Motion to Dismiss, the Court interpreted the pleading requirements for a failure to monitor claim differently. A failure to monitor claim requires proof of a deficient process. It depends not only on what a fiduciary knew, but also upon how that fiduciary came to know it. *See* 29 C.F.R. § 2509.75-8 (imposing a limited duty on appointing fiduciaries to periodically review the performance of appointed fiduciaries). The Court found that a plaintiff pleading a failure to monitor claim under ERISA must "allege facts relating to the periodic review process." Dkt. 48, at 9 (citing *In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, 2009 WL 3246994 (W.D. Wash. Oct. 5, 2009)). As the Secretary levelled no allegations as to what Kissler's monitoring process was or should have been, the Court dismissed Claim III.

On reconsideration, the Secretary argues the Court clearly erred by requiring her to state allegations as to Kissler's processes or procedures. In support of her argument, the Secretary cites five district court cases in this circuit—and one from the District of Connecticut—which found certain complaints stating failure to monitor claims survived a

motion to dismiss. Dkt. 51-1 at 9. The Secretary argues that the cited cases show a "well-established rule" in this circuit that pleading a fiduciary's knowledge of misconduct, together with the fiduciary's subsequent participation in the transaction notwithstanding that knowledge, is sufficient to plead a failure to monitor claim. Dkt. 51-1, at 10. Such citations fail to establish that the Court clearly erred.

First, the Secretary cites no controlling authority which the Court misapplied or ignored by requiring her to plead facts regarding the monitoring process. Dkt. 51-1, at 11–13. While the Secretary cites several opinions finding the complaints in those cases were sufficient to survive a motion to dismiss, none of them are from the Ninth Circuit or the Supreme Court. And, "[q]uite simply, "reliance on a non-binding district court case hardly shows the clear error necessary for reconsideration." *Reno v. W. Cab Co.*, 2020 WL 2462900, at *4 (D. Nev. May 1, 2020) (cleaned up).[4]

Second, the authorities cited by the Secretary do not show the supposed "well-established rule" the Secretary sets forth. The Secretary first cites *Chea v. Lite Star Esop Committee* for the proposition that Ninth Circuit courts have consistently held pleading knowledge of wrongdoing plus a failure to act suffices to state a failure to monitor claim. Dkt. 51-1, at 8–9. But even in the portion of the *Chea* report and recommendation the Secretary quotes, the magistrate judge noted that "many" courts do not require pleading as to the monitoring process itself. 2024 WL 280771 (E.D. Cal. Jan. 25, 2024), *report and*

---

[4] *See also United States v. Amsurg Corp.*, 2016 WL 304567 at *5 (E.D. Cal. Jan. 26, 2016), *Acting Sec'y of Lab., United States Dep't of Lab. v. Valley Wide Plastering Constr. Inc.*, 2021 WL 689921 at *1 (D. Ariz. Feb. 23, 2021).

*recommendation adopted in part, rejected in part,* 2024 WL 4357002 (E.D. Cal. Sept. 30, 2024). "Many" is not "all." In recognizing a difference of opinion, *Chea* does not support the proposition that the Court clearly erred by ignoring a well-established rule.

The Secretary cites other cases which do indicate disagreement with the Court,[5] but they show at most disagreement between the district courts of this circuit regarding the necessity of pleading facts regarding the review process itself. Further, as Kissler notes, some of the cases cited by the Secretary based their decision on the fact that the internal processes of defendants are typically concealed from plaintiffs prior to discovery. *See, e.g.*, *Hurtado*, 2018 WL 3372752 at *13 (citing *Fernandez v. Franklin Res., Inc.*, 2018 WL 1697089, at *7 (N.D. Cal. Apr. 6, 2018)). Such concern is not present here, as the Secretary brought this suit after a multi-year investigation. Thus, even if the Court did find some of the district court cases cited by the Secretary persuasive, it would not have clearly erred insofar as it found their reasoning distinguishable.

The Secretary disagrees strongly with the Court's decision, but the persuasive authority it offers does not and cannot show clear error. The Secretary's motion for reconsideration as to Claim III is accordingly DENIED.

### B. Claims IV and V: Knowing Participation

In Claims IV and V, the Secretary alleged Kissler is liable for knowingly participating in Alerus's breach of its fiduciary duties. The Secretary included several

---

[5] *See, e.g., Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 162643 (C.D. Cal. Jan. 15, 2021); *Pizzella v. Reliance Tr. Co.*, 2020 WL 805527 (D. Ariz. Feb. 18, 2020); *Hurtado v. Rainbow Disposal Co.*, 2018 WL 3372752 (C.D. Cal. July 9, 2018); and *Solis v. Couturier*, 2009 WL 1748724 (E.D. Cal. June 19, 2009).

alleged facts which, she argued, raised a plausible inference that Kissler knew of Alerus's alleged misconduct. The Court disagreed, its reasons for doing so are stated in full in its prior order, and they are incorporated here by reference. Dkt. 48, at 10–13.

In her motion for reconsideration, the Secretary mostly retreads the arguments she made when opposing Kissler's Motion to Dismiss. Dkt. 51-1, at 10–14. The only controlling authority the Secretary cites to show the Court erred pertains to Rule 12(b)(6) motions in general. *See* Dkt. 51-1, at 10–14. She cites no controlling cases applying those general rules to an ERISA failure to monitor case like the one at bar. Instead, the Secretary argues the Court's analysis of her complaint was wrong under *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*. Dkt. 51-1, at 10. But to establish clear error, the Court's Decision must have been more than wrong—it must have been beyond the scope of reasonable judicial disagreement. The Court's application of the general rules of *Twombly* and *Iqbal* to the Secretary's complaint was not beyond the scope of reasonable judicial disagreement.

First, the Secretary alleged that Kissler knew that Alerus's investigation into the stock sale was rushed because it occurred over the course of six weeks (as first suggested by Kissler's representative in the negotiation). But no two employee stock option plan timelines are the same, and the Secretary did not plead any facts which raised an inference that six weeks was insufficient in this case. Dkt. 48, at 11. The Secretary counters that the transaction timeline was dictated by Kissler's financial position—but pleads merely that Kissler's representative in negotiations suggested the six-week timeline and Alerus did not object. Dkt. 1, at ¶¶ 73–75. The fact that Kissler's representative suggested a timeline *favorable to him* does not, without more, create a reasonable inference that it suggested a

timeline *unfavorable to ESOP*.

Second, the Secretary alleged that the discrepancy between the ESOP purchase price and a valuation of Norco conducted four years prior should have put Kissler on notice that he was getting an illegally good deal. Dkt. 1, at ¶ 99. But as stock valuations are inherently transient—indeed, the Secretary has previously argued that reliance on a thirteen-month-old valuation is inappropriate, *see Donovan v. Cunningham*, 716 F.2d 1455, 1469 (5th Cir. 1983)—the Court found that the discrepancy was insufficient to raise a reasonable inference that Kissler was on notice of wrongdoing by Alerus.

The complaint contained three more allegations that Kissler was aware of Alerus's alleged wrongdoing, but each failed for similar reasons to the two allegations discussed above. The Secretary essentially alleged that Kissler's status as Norco's Chairman and CEO plus his involvement in developing the contract to sell his shares to the ESOP necessarily implied that he was aware of Alerus's misconduct. The Court found that merely participating in the transaction was insufficient, without more, to raise a reasonable inference that Kissler knew Alerus had (allegedly) breached its fiduciary duties. Dkt. 48, at 12.

Ultimately, the Court's conclusion that the complaint failed to raise a reasonable inference that Kissler knew or should have known of Alerus's misconduct did not constitute clear error. Accordingly, the Secretary's motion for reconsideration as to Claims IV and V is DENIED.

## IV. CONCLUSION

Reconsideration is an extraordinary remedy. The Secretary's qualms with this

Court's order dismissing Claims III–V, however, are merely ordinary disagreements with an adverse order. The Secretary bore the burden of proving that the Court clearly erred but did not present any controlling authority that this Court ignored. And the fact that a few district courts and courts in other circuits found different complaints to be sufficient does not create a well-established, categorical rule this Court violated. The Secretary has thus not met the high burden of showing the clear error necessary for reconsideration.

Moreover, the Secretary could have avoided both the Court's dismissal of Counts III–V, and the time, delay, and expense associated with the instant Motion for Reconsideration, by simply filing an Amended Complaint. The Court cannot find it committed clear error warranting the extraordinary remedy of reversal of its prior decision when the Secretary failed to even *attempt* to amend to plausibly state Claims III–V.

## V. ORDER

**IT IS HEREBY ORDERED:**

1.    The Secretary's Motion for Reconsideration [Dkt. 51] is **DENIED**.

DATED: September 23, 2025

David C. Nye
Chief U.S. District Court Judge