Dana M. Florkowski, DC Bar No. 1659708, VA Bar No. 93499
Florkowski.Dana.M@dol.gov
Alyssa C. George, DC Bar No. 187659
George.Alyssa.C@dol.gov
Rachel A. Uemoto, CA Bar No. 335405, HI Bar No. 11404
Uemoto.Rachel@dol.gov
Office of the Solicitor
Plan Benefits Security Division
U.S. Department of Labor
P.O. Box 1914
Washington, DC 20013
Tel: (202) 693-5600
Fax: (202) 693-5610

*Attorneys for Plaintiff Lori Chavez-DeRemer, Secretary of the United States Department of Labor*

Lars C. Golumbic (*pro hac vice*)
Ross P. McSweeney (*pro hac vice*)
Tom B. Scott-Sharoni (*pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, N.W., Suite 1200
Washington, DC 20006
Telephone: (202) 857-0620
Facsimile: (202) 659-4503
lgolumbic@groom.com
rmcsweeney@groom.com
tscott-sharoni@groom.com

CORY M. CARONE, Bar No. 11422
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: (208) 387-4210
Facsimile: (208) 389-9040
cory.carone@stoel.com

*Attorneys for Defendant Alerus Financial, N.A.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LORI CHAVEZ-DEREMER, Secretary, United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>ALERUS FINANCIAL, N.A., NORCO, INC., and NORCO, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br>        Defendants. | Case No.  1:23-cv-00537-DCN<br><br>**DISCOVERY PLAN** |

## I.   Preservation

-1-

a. **Preservation & Proportionality:**   The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

b. **Electronically Stored Information (ESI):**  With regard to ESI, the parties agree that:

    i. **Date Range:**  For DOL: only ESI created or received between March 1, 2020 and May 19, 2022 will be preserved. For Alerus: only ESI created or received between January 1, 2015 and November 30, 2023 will be preserved;

    ii. **Scope of Preservation:**  The parties agree to:

        1. Preserve the Following Types of ESI:

            a. Email; word-processing documents; spreadsheets; presentation documents; images; audio, video, and audiovisual recordings; and attachments to any of the foregoing. The parties agree to preserve the following types of ESI to the maximum extent possible: voicemails; instant messages; and text messages.

        2. From the Following Custodians or Job Titles:

            a. For DOL: all EBSA employees with any time recorded to the investigation. For Alerus: all Alerus employees who performed any work related to the Transaction.

        3. From the Following Systems, Servers, or Databases

-2-

     a. For DOL: Microsoft Exchange, SharePoint, OneDrive, and W drive. For Alerus, email systems and servers (*e.g.*, Microsoft Exchange), shared or cloud-based network storage (*e.g.*, Microsoft SharePoint, OneDrive), local computer storage (*e.g.*, locally stored PST/OST files, local application data), enterprise document management systems (*e.g.*, iManage).

iii. **Preserved But Not Searched:** These data sources are not reasonably accessible because of undue burden or cost pursuant to Rule 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: N/A

iv. **Not Preserved:** Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

    1. Data stored in a backup system for the purpose of system recovery or information recovery;

    2. Deleted, erased, or overwritten computer files, whether fragmented or whole, which were deleted in the regular course of business;

    3. Data stored in Random Access Memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache, and cookie files, wherever located;

    4. Data stored on photocopiers, scanners, and fax machines; and

    5. Data stored as server, system, or network logs.

v. **ESI Retention Protocols:**  Going forward, the parties agree not to modify the document and ESI retention/destruction protocols of the parties.

vi. **Cost Sharing:**

☐*[The parties agree to share the cost of an electronic discovery vendor; shared document repository; or other cost saving measures]*

☒*[The parties agree to bear their own costs for preservation of e-discovery]*

## II.   Initial Disclosures

a.   Pursuant to Rule 26(a), initial disclosures were provided on the following dates:

- Plaintiff: February 18, 2026.

- Defendant: February 18, 2026.

## III.   Scope of Discovery

a.   **Scope:**  Discovery is necessary on the following subjects/issues:

- For Plaintiff:

1. Alerus's conduct related to the Transaction, including its retention, investigation, negotiation, evaluation, and approval of the Transaction, and including the conduct of the service providers it relied upon in approving the Transaction;

2. Whether the Transaction terms that Alerus approved caused the Plan to pay more than adequate consideration for its Norco stock;

- For Defense: Alerus's process in evaluating and approving the Transaction, including its reliance on professional advisors, and whether the Plan paid no more than adequate consideration for Norco stock.

## IV.   Discovery Boundaries

a. **Limits:**  The parties agree to limit the number of discovery tools as follows:

☒Depositions: Each party may take up to 15 depositions

☒Interrogatories: Each party may serve up to 25 interrogatories on any other party

☒Requests for Production: Each party may serve up to 100 Requests for Production on any other party

## V.   ESI

a. ***Checklist:***  *The Court has attached the "Checklist" for ESI Discovery prepared by the Federal District Court for the Northern District of California to assist counsel in their meet-and-confer session. Counsel should refer also to Dist. Idaho L. Rule 16.1(b).*

b. ***Proportionality****: Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:*

- *from more than 15 key custodians;*
- *that was created more than 5 years before the filing of the lawsuit;*
- *from sources that are not reasonably accessible without undue burden or cost; or*

- *for more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI, and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection.  The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.*

c. **ESI File and Production Format:**  The parties will agree to file and production format specifications for ESI.

d. **ESI Search Methodology**:  The parties have agreed to use the following search methodology:

☐ Predictive coding (or technology assisted review);

☒ Keyword search;

☐ Other:  _____.

e. **Search Methodology – Transparency:**  The parties agree that they will share their search methodology for responding to requests for production of ESI to the following extent: Source/location, search terms, and time frame.

f. **General ESI Production vs. E-mail Production:**  The parties agree that general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail").  To obtain e-mail parties must propound specific e-mail production requests.

g. **E-mail Custodian List Exchange:**  On or before February 23, 2026, the parties agree to exchange lists identifying (1) likely e-mail custodians, and (2) a specific

identification of the 15 most significant listed e-mail custodians in view of the pleaded claims and defenses.

h. **<u>Discovery Re E-mail Custodians, Search Terms & Time Frames:</u>** Each requesting party may propound up to 5 written discovery requests per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. These written discovery requests may include interrogatories, which shall not be counted in the limit identified in section IV.a. The court may allow additional discovery upon a showing of good cause.

i. **<u>Form of E-mail Production Requests:</u>** E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

j. **<u>Limits on E-mail Production Requests – Custodians:</u>** Each requesting party shall limit its e-mail production requests to a total of 8 custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave.

k. **<u>Limits on E-mail Production Requests – Keyword Search Terms:</u>** Each requesting party shall limit its e-mail production requests to a total of 10 keyword search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The keyword search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

l. **Liaison:** As needed, each party may identify a Liaison who is responsible for, and knowledgeable about (or has access to a person knowledgeable about), that party's ESI. This includes the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the Liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## VI. Deadlines

a. The deadline for the completion of fact discovery is: 2/26/2027.

b. The deadline for completion of expert witness discovery is: 6/25/2027.

## VII. Phased or Issue-Specific Discovery

N/A

## VIII. Documents Protected From Discovery

a. **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its scheduling order unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

b. **Quick Peek:** The parties

⊠*[agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case]*

☐*[agree to a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) as set forth herein: _____ ].*

c. **Date Range for Privilege Log:** Only ESI created or received within the applicable Date Ranges indicated in paragraph I.b.i and withheld on the basis of attorney-client privilege or the work product doctrine or another applicable privilege or protection need be placed on a privilege log.

## IX.   Protective Order

a. The parties have agreed to the terms of a Protective Order to protect confidential, proprietary, trade secret, and commercially or personally sensitive information and will submit that to the Court for its approval.

b. *To aid the parties, the District of Idaho has developed a model protective order that can be found on the Court's website:*

   *https://id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm*

c. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

-10-

Dated: February 19, 2026   Respectfully Submitted,

| | |
|---|---|
| JONATHAN BERRY<br>Solicitor of Labor<br><br>WAYNE R. BERRY<br>Associate Solicitor<br>Plan Benefits Security Division<br><br><br>ISIDRO MARISCAL<br>Counsel for Litigation<br>Plan Benefits Security Division<br><br> /s/Alyssa C. George       <br>ALYSSA C. GEORGE<br>Senior Trial Attorney<br><br>DANA M. FLORKOWSKI<br>RACHEL A. UEMOTO<br>Trial Attorneys<br>Office of the Solicitor<br>Plan Benefits Security Division<br>U.S. Department of Labor<br>P.O. Box 1914<br>Washington, DC  20013<br>Tel: (202) 693-5600<br>Fax: (202) 693-5610<br><br>George.Alyssa.C@dol.gov<br>Florkowski.Dana.M@dol.gov<br>Uemoto.Rachel@dol.gov<br><br>*Attorneys for Plaintiff Lori Chavez-DeRemer,*<br>*Secretary of the United States Department of*<br>*Labor* | /s/ Ross P. McSweeney       <br>Lars C. Golumbic (*pro hac vice*)<br>Ross P. McSweeney (*pro hac vice*)<br>Tom B. Scott-Sharoni (*pro hac vice*)<br>**GROOM LAW GROUP, CHARTERED**<br>1701 Pennsylvania Avenue, N.W., Suite 1200<br>Washington, DC 20006<br>Telephone: (202) 857-0620<br>Facsimile: (202) 659-4503<br>lgolumbic@groom.com<br>rmcsweeney@groom.com<br>tscott-sharoni@groom.com<br><br>Cory M. Carone, Bar No. 11422<br>**STOEL RIVES LLP**<br>101 S. Capitol Boulevard, Suite 1900<br>Boise, ID 83702<br>Telephone: (208) 387-4210<br>Facsimile: (208) 389-9040<br>Cory.carone@stoel.com<br><br>*Attorneys for Defendant*<br>*Alerus Financial, N.A.* |